IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEAGAN FLEENER on behalf of herself individually AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § § § § § § | CASE NO. 4:15-cv-1206 |
| MARBAR VENTURE CORP *Defendant.* | § § | |

### JOINT CASE MANAGEMENT/DISCOVERY CONTROL PLAN

1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.

   The Rule 26(f) conference was held over the phone on September 15, 2015 by:

   *For the Plaintiff:*
   Joe Micah Williams
   State Bar No. 24063066
   Federal ID No.: 997092
   The Law Offices of Joe M. Williams
   810 Highway 6 S., Suite 111
   Houston, Texas 77079
   Telephone: (832) 230-4125
   Facsimile: (832) 230-5310
   jwilliams10050@gmail.com

   *For the Defendants*:
   Karen Dennison
   Texas Bar No. 24044680
   Southern District Bar No.: 2119037
   Cunningham Legal
   15240 Highway 3 #604
   Webster, Texas 77598
   Telephone: (713) 594-5815
   Facsimile: (713) 893-0812
   karen@kcdlegaltx.com

2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

   None.

3. Briefly describe what this case is about.

1

Plaintiff filed this suit under the Fair Labor Standards Act ("FLSA") alleging she was not paid overtime wages, compensation for hours worked but not recorded, minimum wage, and retaliation.

Defendant denies Plaintiff's claims in their entirety and state that Plaintiff was properly compensated under the FLSA. Defendant further denies any violation of the FLSA.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff claims arise under the FLSA, 29 U.S.C. §201, et seq. Therefore, this Court has federal question jurisdiction over this civil action.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   The parties agree on the basis for federal jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None anticipated at this time.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   The parties have agreed on conditional certification. Notice has been sent and the deadline for opt-in Plaintiff's is November 9, 2015.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Neither party has made initial disclosures. They will do so by October 30, 2015.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       (1) The parties do not believe that any changes in the timing, form or requirement for disclosure under rule 26(a) should be made. The parties will make their initial disclosures by October 30, 2015.

2

    (2) The parties agree that electronic service shall constitute proper service for discovery.

    (3) Discovery shall be governed by the Federal Rules of Civil Procedure, with a proposed discovery deadline of May 17, 2016. Discovery need not be subjected to limits other than those imposed by the applicable federal and local rules, and shall be conducted on the allegations and defenses raised by Plaintiff and Defendants in their respective pleadings. Other than the Court's Scheduling Order, the parties do not anticipate the need for any additional orders from the Court regarding scheduling and planning.

    (4) The parties do not anticipate any issues concerning the discovery of electronically stored information.

    (5) The parties will make efforts to ensure an orderly and expeditious discovery process.

**b.** **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendants before the close of discovery.

**c.** **When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate serving Plaintiff(s) with interrogatories before the close of discovery.

**d.** **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing the corporate representative(s) of Defendant and those with knowledge of facts.

**e.** **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate deposing Plaintiff(s), and any individuals identified by Plaintiff(s) as having knowledge of facts relevant to Plaintiff's claims and Defendant's defenses. Defendants anticipate that depositions will be taken before the scheduled discovery cut-off date.

**f.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

      (i)    Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.

      Plaintiff will designate experts, if any, and provide reports by March 15, 2016.

      (ii)    Specify the date experts for defendant will be designated and their reports provided to opposing party.

      Defendant will designate experts, if any, and provide reports by April 19, 2016.

    g.    List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. *See* Rule 26(a)(2)(B) (expert report).

    Plaintiff anticipates taking the deposition of Defendant's designated experts prior to the scheduled discovery cut-off date.

    h.    List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date. *See* Rule 26(a)(2)(B) (expert report).

    Defendant anticipates taking the deposition of Plaintiff's designated experts prior to the scheduled discovery cut-off date.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    The parties are in agreement on the discovery plan.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13.    State the date the planned discovery can reasonably be completed.

    The parties anticipate discovery can be completed by May 17, 2016.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Plaintiff and Defendants have discussed the possibility of settlement of the case and will continue to explore the possibility of settlement.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have agreed to cooperate on discovery and initiated discussions regarding the resolution of this case.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    Mediation may be suitable after the substantial completion of discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate judge at this time.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff's Complaint includes a demand for a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties are unable to accurately estimate, at this time, the number of hours required to present evidence in this case. In the event the case proceeds as a single plaintiff action, the parties estimate 24-32 hours (3-4 days) will be needed for the presentation of evidence in this case. Plaintiff and Defendant reserve the right to amend this estimate later in the discovery process.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other pending motions.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

    Plaintiff filed her Disclosure of Interested Persons on May 6, 2015.

Defendants filed their Disclosure of Interested Persons on or before September 30, 2015.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

| /s/ Joe Williams | September 15, 2015 |
|---|---|
| **Joe Micah Williams** | Date |

State Bar No. 24063066
Federal ID No.: 997092
The Law Offices of Joe M. Williams & Associates, PLLC
810 Highway 6 S., Suite 111
Houston, Texas 77079
Telephone: (832) 230-4125
Facsimile:  (832) 230-5310
jwilliams10050@gmail.com  Attorney-in-Charge for Plaintiff

| /s/ Karen Dennison | September 15, 2015 |
|---|---|
| **Karen Dennison** | Date |

Attorney-in-Charge
Federal I.D. No.: 2119037
State Bar No.: 24044680
Email: karen@kcdlegaltx.com
Cunningham Legal
15240 Highway 3 #604
Webster, Texas 77598
Telephone: (713) 594-5815
Facsimile: (713) 893-0812
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via certified mail – return receipt requested, in accordance with the Federal Rules of Civil Procedure on this 15th day of September 2015.

                                            */s/ Joe Williams*
                                              Joe Williams